IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| STACY MARIE BJORNSON, | ) | Cause No. CV 11-08-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JO ACTON, Warden, Montana | ) | |
| Women's Prison; Attorney General | ) | |
| of the State of  Montana, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On January 24, 2011, Petitioner Stacy Bjornson moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254.  Bjornson is a state prisoner proceeding pro se.

On January 27, 2011, Bjornson was advised that her petition did not name a correct Respondent, did not show she exhausted any remedies in the state courts, did not appear to be timely, and did not "allege any grounds for relief cognizable in federal law." Order (doc. 5) at 3.  She was given an opportunity to amend her petition. She filed an Amended Petition on February 18, 2011.  The original Petition and the

Amended Petition will be read together.

## I. Background

In August 2002, Bjornson was convicted of assaulting a peace officer and bail jumping. Aff. (doc. 1-1) at 3. As part of her sentence, she was sent to boot camp with the understanding that "[u]pon defendant's successful completion of that program, the balance of defendant's sentence shall be suspended." Am. Judgment and Commitment at 1, State v. Bjornson, No. DC 93-10675 (Mont. Sentence Review Div. May 14, 2002); see also Pet. Ex. (doc. 1-2) at 6 ¶ 1, 7 ¶ 1 ("The Court . . . retains jurisdiction to correct and/or modify any portion of this sentence if and when defendant completes boot camp.").[1] Bjornson completed boot camp and was placed at a pre-release center "until I could get a court date for a possible sentence reduction." Aff. at 2.

As Bjornson puts it, "Unfortunately I did end up walking away before I could get a sentence reduction." Aff. at 3. She was "on escape status for 3 days." Aff. at

---

[1]    The Amended Judgment modified the terms of a 2001 revocation of a suspended sentence for bail jumping. Bjornson says the original bail jumping conviction was incurred in 1993. Aff. at 3. The original revocation could have resulted in five years in prison, whereas the Amended Judgment gave Bjornson the chance to earn a fully suspended sentence if she completed boot camp.

    Pages 6 and 7 of the Petition Exhibits each appear to be one page of a judgment, presumably the judgments for assault on a peace officer and for the 2002 bail-jumping conviction. Neither the Amended Judgment nor these unidentified single-page excerpts guarantee a reduced sentence.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

3.  She was charged with and convicted of escape in August 2003, Am. Pet. at 2 ¶¶ 2-4, and "received 3 years consecutive," Aff. at 3.

## II. Bjornson's Allegations

Bjornson seeks "time off sentence for completion of ICP (boot camp)."  Am. Pet. (doc. 6) at 7 ¶ 18.  She alleges that she is entitled to a sentence reduction.  <u>Id.</u> at 3 ¶ 15A.  She claims her counsel was ineffective because "my counsel never brought up, at any time, the fact that I had completed the boot camp program," did not obtain an "automatic" reduction that would go into effect as soon as she completed boot camp, and did not give her "any information that my prison sentence could be challenged or adjusted."  <u>Id.</u> at 4-5 ¶ 15B.  She also complains that she was not told she could appeal.  <u>Id.</u> at 5 ¶ 15C.

## III. Analysis

Federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution, laws, or treaties of the United States."  28 U.S.C. § 2254(a).  Generally, it is not appropriate for a habeas petition to challenge more than one judgment, and it is not clear whether Bjornson means to challenge her escape sentence as well as her sentences for assault and bail jumping.  To be clear, the Court understands her to challenge the judgments imposed in August 2002 in Yellowstone County for assault on a peace officer and bail jumping.  But Bjornson's claims so

clearly lack merit that there is no need to delay resolution of this action.

Setting aside her failure to raise any of her claims in state court, Am. Pet. at 3-5, and the untimeliness of her filing, 28 U.S.C. § 2244(d)(1)(A), Bjornson's claims lack merit. She was not promised a reduced sentence. To the extent she was promised a suspended sentence, her escape vitiated either the promise or the suspension, and it does not matter which.[2] Because of her escape, Bjornson cannot expect credit for completing boot camp.

As for her claims against counsel, Bjornson clearly knew her sentence could be "challenged or adjusted." In May 2002, she obtained an Amended Judgment and Commitment from the Sentence Review Division of the Montana Supreme Court – the Division that "adjust[s]" sentences on equitable grounds. Mont. Code Ann. § 46-18-901 to -905 (2003). The Montana Supreme Court reviews sentences only for legality, see, e.g., State v. Charlie, 239 P.3d 934, 941 ¶ 22 (Mont. 2010), and Bjornson has not identified anything illegal in any of her sentences. There is no reason to believe that counsel performed deficiently by failing to consult with her about the possibility of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

_____

[2] The unidentified page from a judgment, Pet. Ex. (doc. 1-2) at 6 ¶ 1, 7 ¶ 1, required that Bjornson "conduct herself in a law abiding manner" as a condition of parole. The condition is a standard one for probationers and parolees everywhere; not committing crimes is the bare minimum for persons on any form of conditional release.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

The gist of Bjornson's petition is that she believes she has spent enough time in prison. "I feel this is a sufficient amount of time to be considered rehabilitated and not a threat to society or myself any further." Aff. at 4. Apparently she believes that her 2008 conviction for escape, Aff. at 3, is to be overlooked. Aside from glaring procedural defects, Bjornson fails to identify any viable basis for a federal court to award habeas relief to her as a state prisoner. The petition is frivolous. All claims should be denied on the merits.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Bjornson does not show a violation of any right, much less a federal constitutional one. Under the terms of her judgments, to have a chance at a suspended or reduced sentence, all Bjornson had to do was comply with the conditions of her

pre-release center until she got a court date, then ask the judge to modify her sentence to reflect her successful completion of boot camp. Instead, she "walk[ed] away" and was subsequently convicted and sentenced for escape. No reasonable jurist could find any binding federal law mandating a sentence reduction in these circumstances. There is no reason to encourage further proceedings on this frivolous petition. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## ORDER

Bjornson's motion to proceed in forma pauperis (doc. 2) is DENIED AS MOOT following her payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1.  The Petition and Amended Petition (docs. 1, 6) should be DENIED on the merits.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION

## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Bjornson may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Bjornson must immediately inform the Court of any change in her mailing address.  Failure to do so may result in dismissal of this action without notice to her.

DATED this 1st day of March, 2011.


/s/   *Carolyn S. Ostby*
United States Magistrate Judge


Findings and Recommendation of U.S. Magistrate Judge / Page 7