IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| STACY MARIE BJORNSON, | CV-11-08-BLG-RFC |
| Petitioner, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| JO ACTON, Warden, Montana Women's Prison; Attorney General of the State of Montana | |
| Respondents. | |

On March 2, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends the Petition and Amended Petition be denied on the merits.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the March 2, 2011 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

In August 2002, Bjornson was convicted of assaulting a peace officer and bail jumping. Her sentence included a boot camp program with the understanding that "[u]pon defendant's successful completion of that program, the balance of defendant's sentence would be suspended." Am. Judgment and Commitment at 1, *State v. Bjornson*, No. DC-93-10675 (Mont. Sentence Review Div. May 14, 2002). Bjornson did complete the bootcamp and was placed at a pre-release center "until I could get a court date for a possible sentence reduction." Aff. (doc 1-1) at 2.

Bjornson explains, "Unfortunately, I did end up walking away before I could get a sentence reduction." Aff. at 3. She was "on escape status for 3 days." Aff. at 3. She was charged with and convicted of escape in August 2003, Am. Pet. at 2, and "received 3 years consecutive," Aff. at 3.

Despite her admission that she walked away from pre-release, Bjornson still seeks time off her sentence for completion of the boot camp program. Bjornson asserts ineffective assistance of counsel because "my counsel never brought up, at any time, the fact that I had completed the boot camp program," did not obtain an "automatic" reduction that would go into effect as soon as she completed boot camp, and did not give her "any information that my prison sentence could be

2

challenged or adjusted." Am. Pet. at 4-5. She also complains that she was not told she could appeal. Am. Pet. at 5.

Bjornson's claims clearly lack merit. Bjornson knew her sentence could be "challenged or adjusted." In May 2002, she obtained an Amended Judgment and Commitment from the Sentence Review Division of the Montana Supreme Court – the Division that "adjust[s]" sentences on equitable grounds. The Montana Supreme Court reviews sentences only for legality, *see, e.g., State v. Charlie*, 239 P.3d 941, ¶ 22 (Mont. 2010), and Bjornson has not identified anything illegal in any of her sentences. There is no reason to believe that counsel performed deficiently by failing to consult with her about the possibility of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

Bjornson's argument that she spent enough time is prison is insufficient. Her 2008 escape conviction cannot be overlooked. Bjornson has failed to identify any viable basis for a federal court to award habeas relief to her as a state prisoner. This petition is frivolous.

With regard to a certificate of appealability, Bjornson is not able to show a violation of any right, much less a federal constitutional one. Under the terms of her judgment, to have a chance at a suspended or reduced sentenced, all Bjornson had to do was comply with the conditions of her pre-release center until she got a court date, then ask the judge to modify her sentence to reflect her successful

completion of boot camp. Instead, she "walk[ed] away" and was subsequently convicted and sentenced for escape. No reasonable jurist could find any binding federal law mandating a sentence reduction in these circumstances. There is no reason to encourage further proceedings on this frivolous petition and a COA is not warranted.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Petition and Amended Petition are DENIED. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner. A certificate of appealability is DENIED.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 27th day of April, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

4